UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PHAETON SERVICES, LLC                :        CIVIL ACTION

versus                               :        NO. 06-1747

COVE FLEETING, INC., ET AL           :        SECTION L(1)

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :

FINDINGS OF FACT AND CONCLUSIONS OF LAW

I have heard the evidence in this case and I have had the opportunity to review the exhibits, and consider the testimony presented at trial. I make the following findings of fact and conclusions of law.

I.     BACKGROUND

Plaintiff Phaeton Services, LLC has filed suit against defendants Cove Fleeting, Inc., LAD Salvage, LLC and Lee Dragna to recover a share of the proceeds received in connection with a salvage operation. The plaintiff alleges that it entered into an oral contract with the defendants for a salvage operation and that the defendants breached this contract, entitling the plaintiff to recover damages. The defendants deny breaching the contract and allege that the plaintiff is not entitled to any proceeds.

The Court has carefully considered the testimony of all of the witnesses, the exhibits entered into evidence during the trial, as well as the record. Pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, the Court hereby enters the following findings of fact and conclusions of law.

To the extent that any finding of fact may be construed as a conclusion of law, the Court hereby adopts it as such.

To the extent that any conclusion of law constitutes a finding of fact, the court adopts it as such.

II.   FINDINGS OF FACT

The Court finds that the following facts have been established and proved:

(1)

In early December, 2005, Ronald Duhon, on behalf of plaintiff Phaeton Services, LLC, entered into an agreement with Lamont Murphy, owner of the dredge *St. Anthony* to salvage said dredge, which had been grounded near the Mississippi River Gulf Outlet in St. Bernard Parish as a result of flooding caused by Hurricane Katrina.

(2)

Pursuant to the agreement between Lamont Murphy and the plaintiff, the salvage was to be performed for a total of $238,000.00.

(3)

Ronald Duhon, on behalf of plaintiff Phaeton Services, LLC, enlisted Lee Dragna and the companies he represented, Cove Fleeting, Inc. and LAD Salvage, LLC, to assist in the salvage of the dredge.

(4)

Pursuant to a verbal agreement entered into between Ronald Duhon and Lee Dragna, the parties agreed to cooperate in the aforementioned salvage, evenly splitting the proceeds after the payment of costs and expenses.

(5)

On or about December 5, 2005, the plaintiff supplied four workers, including Ronald Duhon, to participate in the salvage operation. Defendants Cove Fleeting, Inc., LAD Salvage,

LLC and Lee Dragna hired additional workers, and Lee Dragna, as master salvor, supervised the job.  The workers, with the exception of Ronald Duhon, were paid by the defendants at the normal and customary rate.

(6)

On or about December 5, 2005, the plaintiff supplied equipment for use in the salvage operation.  However, this equipment was not used due to either non-suitability to the job or because the equipment was not in operable condition.

(7)

On or about December 5, 2005, the defendants supplied equipment, which was used in the salvage operation.

(8)

On December 14, 2005, Lamont Murphy tendered and Lee Dragna accepted payment in the amount of $238,000.00.

(9)

Neither the plaintiff nor Ronald Duhon had been compensated pursuant to the agreement between the parties.

III.   CONCLUSIONS OF LAW

(1)

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1333, which provides for regional jurisdiction over admiralty and maritime claims.

(2)

As a general rule, maritime contracts are governed by general maritime law.  *Demette v. Falcon Drilling Co. Inc.,* 280 F.3d 492, 497 (5th Cir. 2002) (stating federal maritime law applies

by its own force to disputes concerning maritime contracts).  A contract involving the salvage of a dredge is a contract which involves traditional maritime activity and thus constitutes a maritime contract.  *See Davis & Sons, Inc. v. Gulf Oil Corp.*, 919 F.2d 313 (5th Cir. 1990) (reciting legal framework for determining whether contract is maritime in nature and character and stating that place of execution or performance is not determinative to contract's status)*;Dozier v. Rowan Drilling Co., Inc.*, 397 F.Supp.2d 837, 850-51 (S.D. Tex. 2005) (quoting *Executive Jet Aviation, Inc.,* 409 U.S. 249, 270 (1972) (including vessel salvage within reach of maritime jurisdiction)) *; Grubart v. Great Lakes Dredge & Dock Co.,* 513 U.S. 527, 540 (1995) ("a dredge...on navigable waters is subject to maritime jurisdiction"). Thus general maritime law is applicable to this case.

(3)

A valid contract existed between the plaintiff and the defendants.  Under the terms of the contract, there was an agreement to split any profits equally after first deducting the costs incurred in the salvage operation.

(4)

The defendants argue that the plaintiff also agreed to deduct from his share a prior debt which the defendants claim the plaintiff owed.  Defendants bear the burden of proving the existence of a prior debt owed by the plaintiff and the plaintiff's agreement to pay the defendants from any proceeds he may be entitled to receive.  The defendants have failed to sustain their burden of proof.

(5)

The Court finds that the defendants' reasonable and necessary costs and expenses for the salvage totaled $207,937.50.  This should be subtracted from the total payment of $238,000.00,

leaving a remainder of $31,062.50 in profit.   Plaintiff is entitled to one-half of this sum, or $15,531.25 from the defendants.[1]

(6)

This is an admiralty case tried without a jury pursuant to Rule 9(h) of the Federal Rules of Civil Procedure.  Accordingly, an award of prejudgment interest on past damages is appropriate and the starting date is left to the sound discretion of the Court.  *See Doucet v. Wheless Drilling Co.*, 467 F.2d 336, 340 (5th Cir. 1972);  *Marathon Pipeline Co. v. M/V Sea Level II*, 806 F.2d 585, 593 (5th Cir. 1986) (citing *Curry v. Fluor Drilling Services, Inc.*, 715 F.2d 893, 896 (5th Cir. 1983)); *Krummel v. Bombardier Corp.,* 206 F.3d 548, 573 (5th Cir. 2000); *Jauch v. Nautical Services, Inc.*, 470 F.3d 207, 215 (5th Cir. 2006).

(7)

The Court finds an award of prejudgment interest from the date of judicial demand is appropriate in this case at the rate of 6% percent for past damages as described above.

IV.   CONCLUSION

On the basis of the above findings of fact and conclusions of law, the Court finds that the plaintiff is entitled to recover $15,531.25 from the defendants, plus 6% interest from the date of judicial demand until paid.

New Orleans, Louisiana, this   27th   day of June, 2007.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The defendants contended at trial that Lee Dragna and Cove Fleeting were not proper defendants and could not be held liable.  The Court finds that all three defendants are liable.  Lee Dragna is the owner and operator of both LAD Salvage, LLC and Cove Fleeting, Inc. and he entered into the oral agreement on behalf of these two companies. Cove Fleeting, Inc. was involved in the operation and paid the salaries of the workers.  *See* Pl. Ex. E.